UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) Civil Action No. |
| v. | ) 25-11555-FDS <br> ) |
| JOHN DOE, Subscriber Assigned <br> IP Address 98.229.82.197, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

### ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO SERVE
### A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

**SAYLOR, C.J.**

This is an action for copyright infringement brought by plaintiff Strike 3 Holdings, LLC, a company that produces and distributes adult films. (Compl. ¶¶ 2-3). According to the complaint, defendant "John Doe," a currently unknown subscriber with an assigned Internet Protocol ("IP") address of 98.229.82.197, has downloaded and distributed several of its films without authorization. (Compl. ¶¶ 4-5).

Strike 3 has moved under Federal Rule of Civil Procedure 26(d)(1) for leave to serve a third-party subpoena on Doe's internet service provider, Comcast Cable, before the Rule 26(f) conference. (ECF 9). Strike 3 contends that this is the only way to obtain Doe's name and mailing address to effectuate service. (ECF 10 at 7-9).

Strike 3's complaint has made out a *prima facie* case of actionable copyright infringement, and its motion identifies a tailored mechanism necessary to enforce its claim. *See Strike 3 Holdings, LLC v. Doe*, 2024 WL 3538818, at *1-2 (D. Mass. July 24, 2024) (describing

the good-cause standard for early discovery and explaining that the standard had been met under the same circumstances as those presented here); *Strike 3 Holdings, LLC v. Doe*, 2024 WL 3760991, at *1-2 (D. Mass. Aug. 12, 2024) (same); *Strike 3 Holdings, LLC v. Doe*, 2024 WL 4190083, at *1-2 (D. Mass. Sept. 13, 2024) (same).  Thus, for good cause shown, the motion is GRANTED, subject to the following restrictions, which are the same as those described in prior orders:

    1.  Strike 3 may immediately serve a third-party subpoena, pursuant to Federal Rule of Civil Procedure 45, upon Comcast Cable, requiring that it disclose only the name and address of the subscriber associated with IP address 98.229.82.197.  The subpoena must include a copy of this Order.

    2.  Comcast shall have 15 days from the date that the subpoena is served upon it to serve the subscriber—by any reasonable means, including written notice to the subscriber's last known address—with a copy of the subpoena and this Order.

    3.  The subscriber shall have 30 days from the date that the subpoena is served upon them to file any motion with this Court to quash or contest the subpoena, including any request to litigate the subpoena anonymously.  Comcast cannot produce any subpoenaed information to Strike 3 during this period absent further order from the Court.

    4.  If this 30-day period lapses without the subscriber filing a motion to quash the subpoena in this Court, Comcast must provide Strike 3 with all information necessary to comply with the subpoena within ten days thereafter.

    5.  Comcast may also move to contest the subpoena.  If it so chooses, it must ensure that its filings do not disclose to Strike 3 any identifying information regarding the subscriber.

6. Strike 3 may use the information disclosed in response to the subpoena served on Comcast only for the purpose of protecting and enforcing its rights as set forth in the complaint.

**So Ordered.**

Dated: July 9, 2025

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court